### MRS. LOUISA H. WHEELER *v.* J. C. STEWART.

Where no evidence appears on the face of the record to show why a rule taken to set aside an injunction against an order of seizure and sale should not be made absolute, the judgment of the lower court to that effect will be affirmed.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *J. A. Maybin for plaintiff.*—On motion to dismiss the appeal, the transcript not having been filed within the time prescribed by law.

The appeal, if filed on the third judicial day, will be in time, otherwise

WHEELER
*v.*
STEWART.

it will be dismissed.   5 N. S. 192; 8 N. S. 184; 4 L. 68; 3 L. 251; 5 L. 348; 7 L. 344; 10 L. 500, 503; 5 A. 31; 2 A. 769; 3 A. 226; 5 A. 42, 716, 744; 6 A. 274; 9 A. 65, 538 and 21; 15 Am. 712.   All these cases sustain the principle rigidly, that within three judicial days after the return day, the transcript must be filed.

Where appellant (the transcript having been completed on the last judicial day) goes in the evening to file it, but finding the office of the clerk closed earlier than usual, and having searched for the latter in vain, does not file it until early the next day, the appeal, on motion of one of the appellees, will be dismissed.   Nothing showing that the office was not open as usual during business hours, at the time of day when the attempt to file the transcript was made, the presumption is that it was after business hours, and that appellant's failure was his fault.   *Buckley* v. *Lacroux*, 14 A. 29.

The appeal in this case was returnable on the fourth Monday of December, 1861.   The first judicial day was January 13th, 1862, and the court sat on January 14th and 15th, 1862, thus making three judicial days after the return day, and the record was not filed till January 20th, 1862.

The motion to dismiss the appeal, because the transcript was not filed in time, is not required to be made within three judicial days after filing the record.   *Dwight* v. *McMillen*, 4 A. 350.   10 A. 75, *McDonogh* v. *De Gruys*, where the motion was made several months, after the three judicial days.

ILSLEY, J.   This was a proceeding *via executiva*, sued out of the Second District Court of New Orleans by the plaintiff against the defendant, to recover the amount of two mortgage notes.

The defendant filed an opposition to restrain proceedings under the order, because, time having been granted to the debtor by the creditor, they were premature.

An injunction issued as prayed for.

Judgment was rendered on a rule taken by the plaintiff on the defendant to show cause why the injunction should not be dissolved, making the said rule absolute, dismissing the injunction, and ordering the seizure and sale against the hypothecated property to be proceeded with according to law.

No evidence whatever was adduced by the defendant and appellant to sustain his opposition, and we see no error whatever in the judgment of the court below.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, and the appellant pay the costs of this appeal.